**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gabriel MEDINA–CERNAS,**
**Defendant–Appellant.**

**No. 06–10503.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2007.*

Filed June 22, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Peter S. Levitt, Esq., U.S. Attorney's Office, South Las Vegas, NV, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

John G. Watkins, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Gabriel Medina–Cernas ("Appellant") challenges his conviction for operating a motor vehicle in the Lake Mead National Recreation Area with a blood alcohol content of 0.08% or higher in violation of 36 C.F.R. § 4.23(a)(2). The facts and procedural history are known to the parties and are repeated here only as necessary.

■ Appellant argues that the government did not meet its burden of establishing proof of guilt beyond a reasonable doubt. In determining whether sufficient evidence exists to support a guilty verdict, we reverse only when, viewing all the evidence in the light most favorable to the prosecution, we conclude that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Garcia v. Carey*, 395 F.3d 1099, 1102 (9th Cir.2005) (emphasis omitted); *see also United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002). It is clear that the district court—after considering the results of the breath alcohol test, Appellant's own testimony about his drinking pattern, and expert witness testimony on alcohol absorption rates—"could have found the essential elements of the crime beyond a reasonable doubt." *Carranza*, 289 F.3d at 641–42; *see also Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Appellant further argues that 36 C.F.R. § 4.23(a)(2) mandates a "conversion" from breath to blood alcohol levels. This is a question of statutory interpretation, which we review de novo. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir.2005). Section 4.23(a)(2) prohibits the operation of a motor vehicle while: "The alcohol concentration in the operator's blood or breath is 0.08 grams or more of alcohol per 100 milliliters of blood or 0.08 grams or more of alcohol per 210 liters of breath." Section 4.23(c)(1) dictates what tests may be used to make this determination. It reads in relevant part: "At the request or direction of an authorized person ... the operator shall submit to one or more tests of the blood, breath, saliva or urine for the purpose of determining blood alcohol and drug content."

Although the regulation is poorly drafted, when these sections are read together, it is clear that blood alcohol levels can be measured either directly through a blood sample (in which case the allowable level is 0.08 grams per 100 milliliters of blood), through a breath test (in which the allowable level is 0.08 grams per 210 liters of breath) or the equivalent (but unspecified) amount in saliva or urine. By providing multiple tests which can be used to measure a person's level of intoxication, the regulation inherently contains a "conversion" to blood alcohol and no further "conversion" is needed. We affirm the district court's adoption of this reasonable, common-sense reading of the regulation. Finding no error, the conviction is **AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.